JOE MATTSON, Plaintiff, v. JARMAG REALTY CORP., Defendant.

Supreme Court, Special Term, Bronx County, July 21, 1952.

*Arnold Cohen* for plaintiff.

*Mortimer Cole* for defendant.

MATTHEW M. LEVY, J. This is an application by the plaintiff to restrain the defendant, *pendente lite,* from interfering with plaintiff's occupancy of an apartment. The defendant, owner of the apartment house, had discharged the plaintiff, its superintendent, and had notified the plaintiff to remove from the premises, which he (with his family) had been occupying as an employee of the defendant. The plaintiff refused to vacate, and instituted this suit to enjoin the defendant from effectuating dispossession. Section 1410 of the Civil Practice Act provides, among other things, for summary proceedings to remove tenants whose term had expired and whose occupancy continued without the landlord's permission. The section makes clear that its provisions apply to a person who is the occupant of the premises as an employee, and the relation of employer and employee had been " lawfully terminated ". The defendant alleges that it discharged the plaintiff on two bases, and I shall consider these separately.

Firstly, the landlord claims that the plaintiff was not qualified for the position, that his services were unsatisfactory and his conduct improper, that he was destructive of the premises, and that he was abusive to tenants and landlord's representatives alike, and therefore the discharge. The plaintiff denies these allegations, which as presented by defendant on this motion are quite general and hearsay in character. It is not for me on this application to determine the merits of the justification of the dismissal, for it is clear that, under the existing contractual arrangements between the parties, the owner's unilateral action directed to the termination of the employment was inefficacious.

The legal propriety of the discharge must await arbitral determination, since the defendant had expressly so agreed. The plaintiff appears to be a member of a labor union, known as the Building Service Employees International Union, Local 32-E, A. F. of L., with whom the Bronx Realty Advisory Board had entered into a master collective bargaining agreement. The " Advisory Board " is an employers' association, which includes among its membership owners of apartment houses. The defendant in writing assented to the terms of the master agreement. This agreement provides, among other things, that no employee shall be discharged or evicted without just cause, that the union shall be given one week's notice of the undesirability of an employee's services, and that unless the union consents to the discharge, the matter shall be submitted to arbitration in accordance with machinery for such purpose set up in the agreement. The contract further provides that, pending arbitration, the employee shall not be discharged or evicted.

The plaintiff and the union moved promptly to proceed with arbitration under the terms of the collective agreement when the defendant itself failed to invoke this machinery. That process, arranged for between the parties, cannot now be ignored by the defendant on its own. I must hold that the plaintiff's employment does not appear to have been " lawfully terminated " (Civ. Prac. Act, § 1410), and his possession of the apartment in question cannot presently be disturbed by summary proceedings. What the situation would be if there were direct, definite, convincing proof of improper or destructive acts by the employee on the premises of the owner, I do not now say. It is sufficient for present purposes that there is no such proof before me at this time.

Secondly, the defendant claims that it received a communication from another labor union (Local 670 of Stationary Engineers, Firemen, Maintenance & Building Service Union, C. I. O.) claiming to represent the plaintiff, and that by the very terms of the master agreement already referred to, it was in duty bound to discharge the plaintiff. The clause relied upon by the defendant reads: " In the event the Union [Local 32E, AFL] shall have received information that the said members have resigned from the Union or have pledged allegiance to any other Union, upon notice thereof, written or oral, to the Employer, the said member shall be forthwith discharged and his employment terminated."

The defendant has completely misread the intent of this provision. The power to discharge is not in the employer, even if it learns that the Local 32E member employed by it has changed his allegiance. The right to effectuate a termination of employment on that ground is in Local 32E, and it is that union which must notify the employer accordingly. Certainly the employer cannot rely, as a ground of dismissal, upon any notice in that regard given by a rival union. It may well be — as in fact appears to be the case here — that there is a dispute whether the superintendent belongs to one union or the other. Moreover, the shift of loyalties — if in fact it occurred — may be ignored or overlooked by Local 32E for a number of reasons seemingly valid to it. Perhaps the union does not want, because of other considerations, to enforce its contractual closed-shop rights. Perhaps it believes that the employee is playing coy, or is flirting with another union's fancy, so as to make his first love more interested in him or more aggressive on his behalf in its demands upon the employer. Perhaps it recognizes that all of its members are not always steadfast, and, however fickle the plaintiff may be, he is exercising his democratic prerogative of expressing a personal choice; and it hopes that, in time, he will see the error of his momentary ways, and change his mind once again. On this very application, the plaintiff has submitted an affidavit to me to the effect that he is still a member of Local 32E and that he wishes that union to continue to represent him as his sole collective bargaining agent.

Perhaps the union first deserted wants time to inquire, to investigate, to battle for the employee's trade-union affections. Perhaps it would rather institute or defend proceedings before the Labor Relations Board. The competing union, Local 670, has in fact filed a petition with the New York State Labor Relations Board requesting that it be certified as the exclusive representative of the defendant's employees for the purpose of collective bargaining. Local 32E has duly intervened there on the basis of its existing agreement (which has more than a year to run) and of its claim that it is the true representative of the plaintiff; and it also contends that the discharge of plaintiff was an unfair labor practice. That proceeding is still pending and may well resolve certain of the issues between the parties.

Under all the circumstances (and in view of the recognized current housing shortage making it difficult for plaintiff to obtain other quarters), the issues should be disposed of on a trial, and the *status quo* as to occupancy maintained in the mean-

while. The motion for a temporary injunction is therefore granted to the extent of enjoining the institution of summary proceedings, pending determination of the issues under the contractual arbitration machinery or before the State Labor Relations Board. (*Maguire* v. *Ardea Realty Corp.*, 279 App. Div. 904.) Settle order.