Nicholas M. Pette, J.
Motion by plaintiff, a building superintendent, for a temporary injunction restraining the defendant building owner from evicting, ejecting or dispossessing him and Ms family pending determination of unfair labor practice charges against the defendant by the State Labor Relations Board.
The New York State Labor Relations Board has charged the defendant with discrimination against the plaintiff for the latter’s union activity, his discharge as a live-in superintendent solely because of such union activity, and defendant’s refusal to bargain in good faith with Local 32B, Building Service Employees International Union AFL-CIO, the designated bargaining agent for the plaintiff. As his compensation plaintiff received free rent.
The Appellate Division, First Department, in 1953 established the rule that the provisions of section 1410 of the Civil Practice Act could not be applied pending the determination of such charges for the reason that section 1410 permits such eviction only where the superintendent’s employment has been “ lawfully terminated.” The issue of lawful termination, in such a *961 case, is a matter for the determination by the State board and pending such determination a temporary injunction must issue to prevent inequity and hardship which would be engendered by eviction during the undetermined proceeding before the board. (Maguire v. Ardea Realty Corp., 279 App. Div. 904; Tomblin v. 1459 University Corp., N. Y. L. J., March 26,1953, affd. 283 App. Div. 653; Romanisky v. Siglon Realty Corp., 122 N. Y. S. 2d 171; Mattson v. Jarmag Realty Corp., 203 Misc. 375; Galiano v. Siegal, 41 L. R. R. M. 2728; Harris v. Hertsberg, 15 Misc 2d 400; Sugrue v. Shapiro, N. Y. L. J., June 7,1957, p. 9, col. 3.)
Defendant’s agent, Libasci, has stated in his opposing affidavit that there are 27 families in this apartment house and that he was informed by the Building Department that under the provisions of section 83 of the Multiple Dwelling Law of the State of New York a live-in superintendent is required only in a 30-family or more apartment house. Mr. Libasci was misinformed for, under said section, in any apartment house of 13 or more families a superintendent living on the premises or in a building within 200 feet thereof is required, and under section 304 of the Multiple Dwelling Law violations of the provisions of said section 83 are offenses punishable by a maximum fine of $50 for the first offense, a maximum fine of $250 for the second offense arising from the failure to remove the violation upon which the first offense was based, and a maximum fine of $500 for the third or any subsequent offense arising from failure to remove the violation upon which the first and second offenses were based.
Therefore the contention by defendant that it abolished the job of superintendent after it discharged the plaintiff is manifestly specious, since by law and under the penalties exacted by the statute for a failure to have a superintendent, defendant was required to maintain a superintendent upon the premises or in a dwelling within a distance of 200 feet from the apartment house.
Under the New York State Labor Relations Act the Labor Relations Board has jurisdiction to determine whether the defendant engaged in unfair labor practices charged against the defendant and to reinstate the plaintiff to his position with full back pay, if the charges are sustained. (Labor Law, §§ 704, 706.)
It is apparent that plaintiff is entitled to the relief sought. To deny it might cause his eviction and irreparable harm which the State Labor Relations Board would be unable to cure even if plaintiff’s contentions before it were sustained.
Accordingly plaintiff’s motion for a temporary injunction pendente lite is granted upon condition that plaintiff post a bond in the sum of $1,000, and that this action be tried without delay. *962 This case is set down for trial for December 15,1958, at Special Term, Part III, subject to the approval of the Justice presiding, plaintiff to pay for the note of issue fee and to serve a copy of this order upon the clerk of Special Term, Part III.
Settle order on notice in accordance herewith.