Frank A. Gnlotta, J.
This is a motion to punish for contempt based on an alleged violation of the restraining provisions of an order to show cause, granted ex parte and without security.
Petitioners have brought an article 78 (Civ. Prac. Act) proceeding against the Town Board of the Town of Oyster Bay to review the granting of a permit to the Four Seasons Country Club, Inc., to construct and operate a country club. [See 28 Misc 2d 126.]
The order to show cause in somewhat equivocal language purports to stay all proceedings on the petition granted by the *40 Town Board and to enjoin the country club from acting under said petition. Presumably it was intended to enjoin any action under the permit granted by the Town Board, since it is a permit which gives a right to action, not the petition for the permit. Aside from this, there are several defects in the movants’ papers which preclude granting a motion for contempt.
Although the words “stay” and “injunction” are sometimes used interchangeably, they actually connote quite different concepts. The former refers to the legal proceedings in a lawsuit, such as the issuance of an execution, while the latter is much broader and encompasses all activity of any kind, whether within or without the lawsuit, e.g., the construction of a building.
Section 167 of the Civil Practice Act which deals with stays, gives the court broad discretion in the matter of notice, terms and security, and there is no prohibition against dispensing with some or even all of them. Under section 819 of the Civil Practice Act, however, a bond is mandatory for all provisional remedies and this of course includes injunctions. Section 882, which confers a right to grant an ex parte injunction under very stringent conditions, does not dispense with the requirement for security, and the granting of same without an undertaking of any kind, was held to be improper in Kramm v. Holloway (237 App. Div. 840). Also, it seems to this court that the country club is an essential party to this litigation and should not have been deliberately omitted by the petitioners. It is more vitally concerned with the outcome than is the Town Board, which is the only named respondent. In a similar type of case (Matter of Cestone Bros. v. Solowinski, 276 App. Div. 970) it was held error to refuse to join the successful bidder as a party to an article 78 proceeding brought by an unusuccessful bidder against a Town Board. Section 1290 of the Civil Practice Act provides that a party in whose favor a body or officer exercising judicial or quasi-judicial functions has ruled, must be made a party where the jurisdiction of the body or officer is questioned. It should make no difference what the particular ground of attack is, in requiring a petitioner to bring all the parties in interest before the court.
It strikes this court as incongruous to omit a person as a party respondent in a proceeding, and then insert an ordering paragraph to his prejudice in the body of the order which commences it.
Lastly, it is not disputed that the sole conduct complained of consisted of having test borings made at the site of the property. These borings were made by the Contractors Con *41 straction Company, Inc., at the request of Martin Kaltman, the fee owner of the premises. A prior test had been made in 1959, the results of which had been mislaid or lost by the construction company, and the sole reason for the appearance of the construction company with its equipment on the property on November 17 and 18 was to redo its work at the request of the owner. This cannot be construed to have been a violation of any order of this court on the part of the Four Seasons Country Club, even if we disregard the defects alluded to above. Accordingly the motion is denied.