Arthur E. Blyn, J.
In this summary proceeding, petitioner seeks to evict respondent, an apartment house live-in superintendent, who occupies his apartment in connection with his employment and whose employment has been terminated. The respondent alleges that petitioner discharged him because he was a member of Local 32B, Service Employees International Union, AFL-CIO and that said discharge is in violation of the Labor Law. Local 32B filed two unfair labor practice charges with the New York State Labor Relations Board in August, *12 1973. A hearing on the charges was held on August 30,1973 at the board. A decision in the matter is being awaited.
The respondent has moved for a stay of the eviction proceedings pending the determination of the matter before the Labor Relations Board.
The threshold question, which does not appear from the reported cases to have been previously determined, is: Does the Civil Court have the power to stay the summary proceedings pending determination by the New York State Labor Relations Board of the unfair labor practice proceedings?
There is no doubt that the Supreme Court has such power, which it has repeatedly exercised in staying evictions under facts similar to those here. (Maguire v. Ardea Realty Corp., 279 App. Div. 904; Tomblin v. 1459 Univ. Corp., N. Y. L. J.; March 26, 1953, p. 1014, col. 3, affd. 283 App. Div. 653; Romanisky v. Siglon Realty Corp., 122 N. Y. S. 2d 171; Harris v. Hertzberg, 15 Misc 2d 400; Sugrue v. Shapiro, N. Y. L. J., June 7, 1957, p. 9, col. 3.) The rationale was thus stated in Spezio v. SutphinFlushing Realty Corp., 17 Misc 2d 960-961): “ The Appellate Division, First Department, in 1953, established the rule that the provisions of section 1410 of the Civil Practice Act could not be applied pending the determination of such charges for the reason that section 1410 permits such eviction only where the superintendent’s employment has been 1 lawfully terminated ’. The issue of lawful termination, in such a case, is a matter for determination by the State Board and pending such determination a temporary injunction must issue to prevent inequity and hardship which would be engendered by eviction during the undetermined proceeding before the Board.”
Citing Spezio (supra), the District Court of Nassau County, Second District (Francis J. Donovan, J.) held in Silver-Ruth, Inc. v. Rafferty (42 Misc 2d 926) that section 212 of the Uniform District Court Act (verbatim with section 212 of the New York City Civil Court Act) empowered that court to stay eviction of an apartment house superintendent whose employment had been terminated, pending disposition of unfair labor practice proceedings before the New York State Labor Relations Board.
Section 212 of the New York City Civil Court Act provides: “ In the exercise of its jurisdiction the court shall have all the powers that the supreme court would have in like actions and proceedings ”.
In applying this section, it must, of course, be recognized that it confers incidental rather than primary power upon this court. As was stated in Matter of Cantelli v. Town Bd. of Oyster *13 Bay (30 Misc 2d 39, 40): “ Although the words 1 stay 5 and ‘ injunction ’ are sometimes used interchangeably, they actually connote quite different concepts. The former refers to legal proceedings in a lawsuit, such as the issuance of an execution, while the latter is much broader and encompasses all activity of any kind, whether within or without the lawsuit, e.g., the construction of a building ”.
The incidental power to grant a stay of eviction pending the determination of the proceedings before the Labor Relations Board exists in this court by reason of section 212 of the New York City Civil Court Act, read in the light of the above-cited line of cases in which the Supreme Court has stayed evictions in circumstances similar to those before us.
In the exercise of such power, issuance of a warrant herein is stayed to and including March 1, 1974, with order to be submitted on notice.