[L.A. No. 30732. Dec. 21, 1978.]

JOSE MANUEL VARGAS et al., Petitioners, v.
THE MUNICIPAL COURT FOR THE RIVERSIDE JUDICIAL
DISTRICT OF RIVERSIDE COUNTY, Respondent;
McANALLY ENTERPRISES, INC., Real Party in Interest.

**COUNSEL**

Jerome Cohen, Sanford N. Nathan, George C. Lazar and John F. M. Rodriguez for Petitioners.

Harry J. Delizonna, Dennis M. Sullivan and Ellen Lake as Amici Curiae on behalf of Petitioners.

No appearance for Respondent.

Best, Best & Krieger, Charles D. Field and Thomas S. Slovak for Real Party in Interest.

OPINION

**TOBRINER, Acting P. J.**—The controversy in this case arises out of the overlapping jurisdiction of municipal courts and the California Agricultural Labor Relations Board (ALRB) in instances in which an employer seeks to evict an employee from company-owned housing in the midst of an agricultural labor dispute. Both the employer-landlord and the employee-tenants agree that under the Agricultural Labor Relations Act (ALRA), the ALRB has been assigned the principal task of regulating labor disputes in the agricultural realm, and both parties acknowledge that in light of the ALRB's role there is a need for some modification of the municipal court's traditional adjudication of unlawful detainer actions when such actions emanate from agricultural labor disputes. Not surprisingly, however, the parties do not agree upon the nature of the accommodation that is appropriate in these circumstances.

The employee-tenants contend that once the propriety of the employer's conduct is formally placed before the ALRB, through the filing of an unfair labor practice complaint by the board's counsel, the municipal court loses jurisdiction to act on the employer's unlawful detainer action until ultimate completion of the ALRB proceeding. The employer-landlord maintains, by contrast, that the municipal court retains full authority immediately to act on the employer's unlawful detainer complaint and that the municipal court demonstrates proper respect for the ALRB's primary authority over agricultural labor disputes simply by excluding from the unlawful detainer action any defense of the tenant that pertains to the pending ALRB unfair labor practice proceeding.

In our view, the appropriate accommodation of the judicial and administrative tribunals' jurisdiction in this context lies somewhere between the parties' respective positions. As we shall explain, although we believe that the municipal court in this case acted within its authority in initially postponing the trial of the unlawful detainer action in order to afford the ALRB an opportunity to speedily resolve a pending unfair labor practice charge against the employer, we disagree with the employees' contention that the municipal court exceeded its jurisdiction

when it eventually concluded that the unlawful detainer action should go to trial despite the fact that the ALRB proceeding had not been completed. Under the circumstances involved in this case, we believe that the municipal court could properly determine that the employer would be unduly prejudiced by a further postponement of the unlawful detainer action pending completion of the administrative proceedings, and could properly order the trial of the action to go forward. In our view, nothing in the ALRA barred the municipal court from proceeding in this manner.

At the same time, however, we disagree with the employer's contention that the municipal court acted correctly in precluding the employees from introducing evidence, in defense of the unlawful detainer action, to prove that the employer's termination of their employment and attempt to evict them from their homes were undertaken in retaliation for their exercise of rights specifically guaranteed under the provisions of the ALRA. As we shall explain, proper solicitude for the ALRB's role in resolving unfair labor practice charges neither requires nor justifies the withholding of this crucial defense from an employee in an unlawful detainer action; on the contrary, we believe that the municipal court's limitation of an employee-tenant's defenses in an unlawful detainer action seriously undermines the protection afforded employees by the ALRA and thus could not reasonably have been intended by the Legislature. In our view, appropriate respect for the ALRB's primary role in resolving unfair labor practice disputes in the agricultural realm can be achieved in this context simply by recognizing that, in those cases in which the municipal court properly proceeds with an unlawful detainer action prior to the time the ALRB has resolved a related unfair labor practice charge, the municipal court decision shall have no res judicata or collateral estoppel effect on the ALRB's ultimate ruling. Accordingly, we conclude that the municipal court erred in precluding the employee-tenants from properly presenting a defense to the unlawful detainer suit, and, as a consequence, we conclude that the municipal court judgment in favor of the employer must be vacated.

### 1. The facts and proceedings below.

The relevant facts in the instant case are not in dispute. In 1975 petitioners Jose Manuel Vargas and Azucenza Hernandez (hereafter tenants or employees) were employed by real party in interest McAnally Enterprises, Inc. (hereafter landlord or employer) at a chicken ranch in Lakeview, California. Vargas was a foreman on the ranch and Hernandez worked as an egg picker. The two employees lived, along with their three

children, as husband and wife in a house owned by their employer which was provided rent-free as a benefit of Vargas' employment.

Shortly after the ALRA went into effect in the late summer of 1975, the United Farmworkers of America, AFL-CIO (hereafter UFW) began organizing activities at the McAnally Ranch. The UFW met resistance from the employer, and during September 1975 the union filed a number of unfair labor practice charges against McAnally with the ALRB. During this period, Hernandez was one of the most active supporters of the UFW among McAnally's employees.

On September 28, 1975, Hernandez was discharged by her employer. Two weeks later, on October 4, 1975, Vargas was similarly terminated. Three days thereafter the employer served Vargas and Hernandez with a notice to vacate their home by October 31.

On October 22, 1975, the UFW filed an unfair labor practice charge against McAnally with the ALRB, alleging that McAnally had discharged Vargas and was evicting him from his home in retaliation for Hernandez' and Vargas' union affiliation and protected union activities, in violation of section 1153, subdivisions (a) and (c), of the Labor Code. On October 30, 1975, the union amended the charge to allege that Hernandez was also fired because of her union activities.

On November 3, 1975, while the UFW's unfair labor charges were pending before the ALRB but before the ALRB's regional director had acted upon the charges, McAnally filed the underlying unlawful detainer action against Vargas and Hernandez in the respondent municipal court. The employer's complaint alleged simply that Vargas and Hernandez had entered the premises as McAnally employees, that their employment had ended and that McAnally was now entitled to possession of the premises.

Vargas and Hernandez demurred to the complaint, pointing out that the employer's pleading failed to allege that the employment relationship had been "lawfully terminated" as required by Code of Civil Procedure section 1161, subdivision 1, the applicable unlawful detainer provision.[1] On November 25, 1975, the trial court sustained the employees' demurrer

---

[1]Section 1161, subdivision 1, provides in relevant part: "A tenant of real property, for a *term less than life* . . . is guilty of unlawful detainer: 1. When he continues in possession . . . of the property . . . after the expiration of the term for which it is let to him; provided [that] . . . where the person to be removed becomes the occupant of the premises as a . . . employee . . . the relation of . . . employer and employee . . . has been *lawfully terminated.* . . ." (Italics added.)

to the complaint with leave to amend and McAnally immediately amended its complaint to allege the "lawful termination" of the employment relationship.

In the meantime, on November 4, 1975, just one day after the initial unlawful detainer complaint had been filed, the ALRB's regional director of the Riverside area, having found through his investigation reasonable cause to believe that the UFW's unfair labor practices charges against McAnally were true, issued a formal complaint against McAnally. The complaint alleged inter alia that the employer had engaged in an unfair labor practice by discriminatorily discharging both Hernandez and Vargas because of Hernandez' union activities and by attempting to evict the two employees from their home on the basis of such union activities. On November 24, a hearing on the unfair labor practice charges against McAnally was commenced before an administrative law officer pursuant to the procedures established by the ALRB. The hearing was not completed on that day, however, and the administrative proceedings were continued until December 22, 1975.

On December 4, 1975, the tenants moved in the municipal court for a dismissal or stay of the unlawful detainer action on the ground that the lawfulness of the termination of employment, a specific and essential issue raised by the employer's complaint, was currently pending before the ALRB. The tenants informed the court that an administrative hearing on the unfair labor practice charges had already commenced, and averred that "[a] decision on the lawfulness . . . of the discharges will be quickly forthcoming from the ALRB." Under these circumstances, they urged the municipal court "to defer to the special competence of the administrative tribunal."

On December 22, 1975, the municipal court denied the employees' motion to dismiss the unlawful detainer action or to stay such proceedings indefinitely. The court did not, however, direct an immediate trial of the unlawful detainer action, but rather set the trial for January 22, 1976, a month thereafter. On January 14, 1976, the ALRB sought leave to file a complaint in intervention in the unlawful detainer proceeding, and on January 20, after oral argument on the ALRB's motion, the municipal court granted the ALRB leave to file its complaint in intervention and postponed the trial of the unlawful detainer action. The ALRB filed its complaint in intervention the following week, noting that the administrative hearing on the unfair labor practice charges had been completed on December 30, 1975; the ALRB requested the court to stay the unlawful

detainer action pending the rendition of the board's decision on the charges. A month later, on February 26, 1976, the employer filed a demurrer to the complaint in intervention.

On March 4, 1976, four months after the employer's unlawful detainer action had initially been filed, the court heard argument on the ALRB's request that the trial in the unlawful detainer action be again postponed until the ALRB had reached a decision on the pending unfair labor practice charges. At this point, more than two months had passed since the conclusion of the administrative hearing, but the administrative law officer had not yet submitted his recommended decision to the board. Moreover, at that time it was entirely unclear as to when, if ever, the ALRB would be able to render a decision on the unfair labor practice charges, because during this period the board had exhausted its initial funding and a political controversy had arisen over the allocation of additional funds to the board. In this factual setting, the municipal court sustained the employer's demurrer to the ALRB's complaint in intervention and ordered the unlawful detainer action to trial on March 11, 1976.[2]

The unlawful detainer action was tried on March 11 and 12, 1976. As we have seen, pursuant to the terms of Code of Civil Procedure section 1161, subdivision 1 (quoted in fn. 1, *ante*), the municipal court had earlier required the employer to amend its complaint to allege the "lawful termination" of petitioners' employment relationship. At trial the tenant-employees attempted to introduce evidence to demonstrate that their termination from employment and the attempted eviction were unlawful under Labor Code section 1153 because the employer had undertaken such measures in retaliation against their statutorily protected union activities. The employer, however, objected to the introduction of such evidence, contending that while the municipal court had jurisdiction to entertain its unlawful detainer action, only the ALRB had jurisdiction to consider any defense of the tenants which relied upon the provisions of the ALRA.

The municipal court, agreeing with the employer's contention, refused to admit the tenants' evidence. Having thus excluded all evidence of the employer's alleged retaliatory motivation from the trial, the municipal court ultimately ruled in favor of McAnally, awarding the employer

---

[2]On March 10, 1976, the ALRB sought a writ of prohibition from the Riverside County Superior Court to restrain the municipal court from proceeding with the trial of the unlawful detainer action. The superior court declined to issue an alternative writ, and the ALRB sought no review of that ruling.

possession of the premises and $980.49 in damages. On appeal, the appellate department of the superior court affirmed the judgment and the Court of Appeal refused certification of the case.

The tenants then instituted the present writ proceeding, seeking a writ of mandate and/or certiorari to compel the municipal court to vacate the judgment entered in the unlawful detainer action. They contend primarily that the municipal court acted in excess of its jurisdiction in refusing either to dismiss the unlawful detainer proceedings or to stay such proceedings while the related unfair labor practice was pending before the ALRB; alternatively, they assert that the municipal court abused its discretion in excluding all evidence relating to the employer's retaliatory motives. In light of the novelty and general importance of these issues, we granted an alternative writ of mandate to consider the propriety of the municipal court's actions in this context. All parties concede that the case is properly before our court. (See *Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507, 517-518 [90 Cal.Rptr. 729, 476 P.2d 97]; *Green* v. *Superior Court* (1974) 10 Cal.3d 616, 621-622, & fn. 5 [111 Cal.Rptr. 704, 517 P.2d 1168].)[3]

2. *Under the facts of this case, the municipal court neither exceeded its jurisdiction nor abused its discretion in permitting the unlawful detainer action to go to trial while the related administrative proceeding was pending before the ALRB.*

We turn initially to the employees' contention that the municipal court erred in permitting the employer's unlawful detainer action to go to trial on March 11, 1976, at a time when the related administrative unfair labor practice proceeding was pending before the ALRB. The employees, accurately noting that the provisions of the ALRA were modeled in large part upon the provisions of the federal National Labor Relations Act and Taft-Hartley Act (see *Belridge Farms* v. *Agricultural Labor Relations Bd.*

[3]On April 4, 1977, approximately one year after the judgment in the unlawful detainer action was entered, the administrative law officer filed his recommended decision on the unfair labor practice charges that had been brought against the employer, finding, inter alia, that the employer had engaged in unfair labor practices in discharging Vargas and Hernandez and in attempting to evict them from their home in retaliation for their union activity. The employer appealed this decision to the board, and on November 16, 1977, the board issued its decision affirming the administrative law officer's determination and ordering the employer (1) to reinstate Hernandez and Vargas to their former or substantially equivalent jobs and (2) to offer Hernandez and Vargas "occupancy of their former, or of a substantially equivalent, home on company property and make them whole for any loss they may have suffered by reason of the eviction, including legal costs and fees." The employer's appeal from the ALRB decision is presently pending before the Court of Appeal.

(1978) 21 Cal.3d 551, 556 [147 Cal.Rptr. 165, 580 P.2d 665]; Levy, *The Agricultural Labor Relations Act of 1975—La Esperanza de California Para El Futuro* (1975) 15 Santa Clara Law. 783), contend initially that by analogy to the general preemption doctrine articulated in federal labor decisions, the municipal court lacked jurisdiction to adjudicate the unlawful detainer action because that action implicated conduct of the employer that was "arguably prohibited" by the ALRA. (Cf., e.g., *San Diego Unions* v. *Garmon* (1959) 359 U.S. 236, 245-246 [3 L.Ed.2d 775, 783-784, 79 S.Ct. 773]; *Motor Coach Employees* v. *Lockridge* (1971) 403 U.S. 274, 276 [29 L.Ed.2d 473, 477, 91 S.Ct. 1909]; *Sears, Roebuck & Co.* v. *Carpenters* (1978) 436 U.S. 180, 187-190 [56 L.Ed.2d 209, 216-221, 98 S.Ct. 1745, 1752-1754].) Moreover, the employees additionally argue that the municipal court particularly erred here because the ALRB not only had jurisdiction over the controversy in question, but an ALRB proceeding was actually pending at the time the unlawful detainer action went to trial.

In suggesting that the municipal court improperly impinged upon the ALRB's jurisdiction in this case, however, the employees have, we believe, failed to pay sufficient heed to the entire factual background against which the municipal court's action was taken. As the facts related above demonstrate, the municipal court did not overlook the significance of the contemporaneous administrative proceedings nor the desirability of affording some measure of deference to the ALRB—the expert administrative agency specially created by the Legislature to regulate disputes relating to rights and responsibilities arising under the ALRA. (See *United Farm Workers* v. *Superior Court (Mount Arbor Nurseries)* (1977) 72 Cal.App.3d 268 [140 Cal.Rptr. 87]; cf. *Garner* v. *Teamsters Union* (1953) 346 U.S. 485, 490-491 [98 L.Ed. 228, 239-240, 74 S.Ct. 161].)

As we have seen, after being informed that the ALRB was conducting an administrative hearing on one of the principal issues involved in the unlawful detainer action, the municipal court did not simply ignore those proceedings and immediately set the unlawful detainer action for trial. Instead, the court proceeded deliberately, postponing the unlawful detainer trial on several occasions in order, presumably, to afford the ALRB a reasonable period of time to resolve the related unfair labor practice charges. As a host of New York decisions arising out of nearly identical facts demonstrate,[4] the municipal court clearly acted soundly

---

[4] The New York cases, arising in an urban rather than a rural setting, involve the attempted eviction of apartment building superintendents who have alleged that they were improperly discharged from their employment on the basis of protected union

and within its discretion in proceeding in this manner; such an approach not only takes note of the special competence of the administrative body that has been specifically charged with the task of administering the provisions of the ALRA (cf. *Meat Cutters* v. *Jewel Tea* (1965) 381 U.S. 676, 684-685 [14 L.Ed.2d 640, 646-647, 85 S.Ct. 1596]), but in addition such a procedure will often have the salutary effect of avoiding duplicative hearings and potentially conflicting adjudicatory results.

It was not until four months had elapsed, and no decision of the ALRB had either been rendered or could reasonably be anticipated in the near future, that the municipal court finally determined that the unlawful detainer trial should no longer be postponed. Although the employees claim that even under these circumstances the preemption principles set forth in the federal precedent precluded the municipal court from acting, the employees have cited no federal decision, and our independent research has disclosed none, that holds that the NLRB's exclusive jurisdiction over charges of unfair labor practices bars a state court from adjudicating an unlawful detainer action in circumstances similar to those presented in this case.

■ Moreover, contrary to petitioners' argument, we find nothing in the ALRA's general statutory scheme to suggest that the Legislature intended by such enactment to preclude municipal courts from adjudicating unlawful detainer actions arising out of agricultural labor disputes *regardless of the circumstances*. Although the ALRA grants the ALRB broad authority to resolve agricultural labor disputes and to fashion diverse remedies for statutory violations, nothing in the act accords the ALRB jurisdiction to try all the issues relevant to an unlawful detainer action; similarly, no provision of the ALRA authorizes the ALRB to grant a landlord-employer possession of property in the event that the board finds that a tenant-employee has been properly dismissed. It seems evident, moreover, that the withholding of such authority from the ALRB was not the result of a deliberate legislative decision completely to deprive employers (who happen to be landlords) of the right to evict

---

activity. In such circumstances, the New York decisions uniformly hold that when the legality of the employee's discharge is pending before the state's administrative labor board, the trial of a summary eviction proceeding should be stayed for a reasonable period of time to permit the labor board to pass on the lawfulness of the termination in the first instance. (See. e.g., *Maguire* v. *Ardea Realty Corp.* (1952).279 App.Div. 904 [111 N.Y.S.2d 756]; *Romanisky* v. *Siglon Realty Corp.* (Sup.Ct. 1953) 122 N.Y.S.2d 171; *Spezio* v. *Sutphin-Flushing Realty Corporation* (1958) 17 Misc.2d 960 [181 N.Y.S.2d 933]; *Silver-Ruth Inc.* v. *Rafferty* (1964) 42 Misc.2d 926 [249 N.Y.S.2d 447]; *Romag Realty Corp.* v. *Saunders* (1974) 77 Misc.2d 11 [352 N.Y.S.2d 568]. See also *Herald Company* v. *Frey* (1970) 35 App.Div.2d [316 N.Y.S.2d 829].)

employee-tenants as a matter of substantive labor law policy. (Cf. *Teamsters Union* v. *Morton* (1964) 377 U.S. 252, 258-260 [12 L.Ed.2d 280, 285-287, 84 S.Ct. 1253].)

Accordingly, under the circumstances of this case, we conclude that the municipal court neither exceeded its jurisdiction, nor abused its discretion, in permitting the unlawful detainer action to go to trial despite the continued pendency of the related ALRB proceeding. Having afforded the ALRB a reasonable period of time to adjudicate the unfair labor practice complaint, and having determined that any further delay would unduly prejudice the employer's interest, the municipal court was fully justified in proceeding to try the unlawful detainer action. We announce no rigid future rule that in all cases such as this the municipal court must postpone its ruling until the board acts; rather we leave the matter to the discretion of the municipal court so that it may guide its conduct in view of all the circumstances that are placed before it.

Thus, we reject the employees' initial attack here on the judgment of the municipal court.

3. ■ *The municipal court erred in excluding from the unlawful detainer action evidence that the employer's termination and eviction of the tenants was in retaliation for the tenants' exercise of rights guaranteed by the provisions of the ALRA.*

The tenants claim additionally that even if, as we have concluded, the municipal court did not err in this case in proceeding with the unlawful detainer trial while the ALRB matter was still pending, the municipal court judgment must nonetheless be set aside because the court erred in prohibiting the tenants from introducing any evidence, in defense of the unlawful detainer action, to demonstrate that the employer had terminated their employment relationship and was evicting them from their home in retaliation for their exercise of statutorily protected rights. As we shall explain, we believe that the tenants' objection to the municipal court's action in this regard requires that the judgment in the employer's favor be vacated.

In challenging the municipal court's exclusion of this evidence, plaintiffs point out that the conduct of the employer in question directly related to the matters at issue in the unlawful detainer action in two separate respects. First, as noted above (see fn. 1, *ante*), section 1161, subdivision 1, of the Code of Civil Procedure, specifically provides that when an employer seeks to regain possession of premises from a

discharged employee in an unlawful detainer action, the employer must demonstrate that the employment relationship was "lawfully terminated." The tenants suggest that if the employer had terminated their employment in retaliation for their exercise of rights protected by the ALRA, as they alleged, the employer's action would have been illegal under Labor Code sections 1152 and 1153[5] and the employment relationship would not have been "lawfully terminated"; hence, they argue that such a showing would have defeated the employer's unlawful detainer claim and would have resulted in a judgment in their favor.

Second, the tenants maintain that even without regard to the "lawful termination" language of section 1161, subdivision 1, the evidence which they proffered was properly admissible in the unlawful detainer action under this court's decisions in *Schweiger* v. *Superior Court, supra,* 3 Cal.3d 507, and *S.P. Growers Assn.* v. *Rodriguez* (1976) 17 Cal.3d 719 [131 Cal.Rptr. 761, 552 P.2d 721]. As the tenants accurately note, in *Schweiger* and *S.P. Growers,* our court explicitly held that a landlord could not lawfully evict a tenant in retaliation for the tenant's exercise of statutorily protected rights and that a tenant may raise the retaliatory nature of an attempted eviction as a defense in an unlawful detainer action. The tenants suggest that under *Schweiger* and *S.P. Growers* the municipal court clearly erred in refusing to entertain their defense. (See also *Neuman* v. *Nampoca Realty Corp.* (Sup.Ct. 1953) 119 N.Y.S.2d 835, 838.)

Although the employer concedes that in light of section 1161, subdivision 1, *Schweiger* and *S.P. Growers* the exclusion of the evidence proffered by the tenants cannot be defended on the ground that such evidence was irrelevant to the issues embodied in the unlawful detainer action, the employer contends that the municipal court's action in this case was appropriate in order to accord proper deference to the ALRB's primary responsibility of adjudicating disputes arising under the ALRA. Relying upon Labor Code section 1160.9, which stipulates that "[t]he [ALRB] procedures set forth in this chapter shall be the exclusive method of redressing unfair labor practices," the employer maintains that because the alleged retaliatory termination and eviction of its tenant-employees

---

[5] Section 1152 provides in relevant part: "Employees shall have the right to self-organization, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection . . . ."

Section 1153 provides in relevant part: "It shall be an unfair labor practice for an agricultural employer to do any of the following: (a) To interfere with, restrain or coerce agricultural employees in the exercise of the rights guaranteed in Section 1152 . . . ."

would constitute unfair labor practices under the ALRA (cf., e.g., *In re Kohler* (1960) 128 NLRB 1063, 1092-1093; *Consolidated Foods Corp.* (1967) 165 NLRB 953), the Legislature, in enacting the ALRA, intended that such issues be heard only by the ALRA and not the municipal court. In essence, the employer claims that although the municipal court's jurisdiction over *the employer's unlawful detainer complaint* is not preempted by the ALRB, the court's jurisdiction over *the tenant's defenses* to the action has been preempted. For a number of reasons, we reject the employer's argument.

Initially, the employer's suggestion that a municipal court's jurisdiction over an unlawful detainer *complaint* can somehow be severed from its jurisdiction over a tenant's *defense* to such a complaint is, on its face, patently untenable. Code of Civil Procedure section 86, subdivision (a)(4), clearly grants the municipal court jurisdiction over *all* aspects of an unlawful detainer action,[6] and the essential fairness and basic integrity required of a judicial proceeding by due process is clearly violated if only one party to the controversy is permitted to present evidence relating to the matters at issue. (Cf. *Bell* v. *Burson* (1971) 402 U.S. 535, 541-542 [29 L.Ed.2d 90, 95-96, 91 S.Ct. 1586].) The employer has cited absolutely no authority to support its suggestion that the preemption doctrine may be superimposed upon a judicial proceeding in such a unilateral fashion.

Moreover, there is nothing in the general purpose or legislative history of the ALRA to suggest that the Legislature, in adopting that enactment, intended to deprive employees of the right to raise a retaliatory eviction defense in an unlawful detainer action. On the contrary, acceptance of the employer's position would, in our view, directly conflict with the overriding legislative purpose of the act, for in practice such a procedure would mean that employee-tenants who exercised the statutory rights specifically afforded by the ALRA would be subject to eviction at the will of their employer, arming the employer with a potent weapon that would undoubtedly severely deter employees from freely exercising their statutorily protected rights. (See *S.P. Growers Assn.* v. *Rodriguez, supra,* 17 Cal.3d 719, 725.)[7]

---

[6]Section 86, subdivision (a)(4), provides in relevant part: "Each municipal and justice court shall have original jurisdiction of civil cases and proceedings as follows: . . . (4) In all proceedings in . . . unlawful detainer where the rental value is six hundred dollars ($600) or less per month and the whole amount of damages claimed is five thousand dollars ($5.000) or less."

[7]Although. as we discuss below. the ALRB would retain authority to reinstate an improperly evicted employee at the conclusion of the administrative proceedings. that ultimate remedy would eliminate neither the irreparable harm that inevitably results

Consequently, in those cases in which a municipal court properly proceeds to try an unlawful detainer action arising out of an agricultural labor dispute, we conclude that the provisions of the ALRA cannot be interpreted to preclude the municipal court from passing upon a tenant's defense of retaliatory eviction. The court should pass upon the claim that the employer should be denied relief because its termination of employment and initiation of eviction proceedings were undertaken in reprisal for the tenant's exercise of statutorily protected rights.

Although we hold that the municipal court should properly have entertained the tenants' defenses to the unlawful detainer action, we recognize that there is considerable substance to the municipal court's apparent recognition of the sensitivity of the issue. It was concerned that its resolution of the legality of the employer's conduct not interfere with the ALRB's ultimate decision-making authority over the unfair labor practice charges pending before the board. ■ We believe that appropriate deference to the primacy of the ALRB's role in this area can be achieved without seriously impairing employees' rights, however, simply by recognizing that while the municipal court's determinations are binding within the context of the unlawful detainer action, such determinations should have no res judicata or collateral estoppel effect in the related ALRB proceedings.

Quite recently, in another context, our court has recognized that adjudications in unlawful detainer actions should in general be afforded rather limited res judicata effect because of the special nature of such proceedings (see *Vella* v. *Hudgins* (1977) 20 Cal.3d 251, 255 [142 Cal.Rptr. 414, 572 P.2d 28]), and we believe that that conclusion has particular force in the instant circumstances in light of the ALRB's role as the principal arbiter of labor disputes in the agricultural arena. (Cf. *Pathe* v. *City of Bakersfield* (1967) 255 Cal.App.2d 409, 414-416 [63 Cal.Rptr. 220].) In our view, this approach effectuates a proper accommodation of the respective jurisdictions of the municipal court and ALRB, permitting the municipal court to adjudicate and afford speedy relief in the unlawful detainer action, while at the same time preserving the ALRB's authority to prescribe a final remedy on the basis of its overall view of the entire labor controversy in question.

In light of the above conclusions, the unlawful detainer judgment rendered in favor of the employer in the instant case clearly cannot stand.

---

when an individual is uprooted from his home nor the tremendous leverage which the employer could exert over its employees by threatening to evict other "troublemakers."

As we have seen, in rendering that judgment the municipal court erred in barring the tenants from presenting any evidence to demonstrate the alleged retaliatory nature of the employer's termination of their employment and attempt to evict them from their homes. Under these circumstances, the tenants are entitled to have the judgment set aside. (See *Schweiger* v. *Superior Court, supra,* 3 Cal.3d 507, 518; *Green* v. *Superior Court, supra,* 10 Cal.3d 616, 640.)

Let a peremptory writ of mandate issue directing the Municipal Court for the Riverside Judicial District of Riverside County to vacate the judgment entered in the case of McAnally Enterprises, Inc. v. Vargas, No. 43299, on March 29, 1976, and to proceed with the trial of the unlawful detainer action in accordance with the views expressed herein.

Mosk, J., Clark, J., Richardson, J., Manuel, J., Newman, J., and Kaus, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.