Opinion
IBAÑEZ, P. J.
— This is a consolidated appeal by the defendants, who were tenants of the plaintiff, from judgments against them in unlawful detainer actions. We reverse each judgment on the ground that the court below acted in excess of its jurisdiction in permitting the plaintiff to collaterally attack the orders of a quasi-judicial administrative body, namely, the Santa Monica Rent Control Board (Board).
The appeals are on clerk’s transcripts. We rely upon the admissions made by the parties in their appellate briefs. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 428.) We take judicial notice of the Rent Control Act of the City of Santa Monica (City), as well as its rent control board regulations (Regulations). (Evid. Code, § 459.)
The plaintiff was the owner of a 14-unit apartment building and defendants were its tenants. A chronology of the events which preceded the judgments in unlawful detainer is as follows: On March 19, 1979, the planning commission of the City acted on plaintiff’s application to convert its apartment building into a condominium by approving its tentative tract map. On April 9, 1979, the building department of the City issued a permit allowing the plaintiff to perform work to comply with the conditions for approval of the tentative tract map. The following day, April 10, 1979, the rent control charter amendment of the City went into effect. On June 26, 1979, the plaintiff commenced work under the permit; the work was stopped when, on July 2, 1979, the City issued a stop notice.
Plaintiff next filed a petition for an order by the Board to have it declare that plaintiff had a vested right to proceed in converting its *Supp. 4 property into condominiums. The petition was denied and findings were made by the Board on August 2, 1979.[1] On July 20, 1979, one day after the Board’s oral denial of its petition, plaintiff had 30-day notices terminating the tenancies served on its tenants, the defendants here. On their failure to vacate, unlawful detainer actions were filed on September 19, 1979. Each defendant, by answer to the complaint, set up the following affirmative defense: That plaintiff had failed to comply with the City’s rent control law by not first obtaining a permit from the Board authorizing the removal of its apartment building from the rental housing market as provided for by section 1803, subdivision (t) City’s rent control charter amendment; hence, plaintiff was barred from evicting defendants under section 1806, subdivision (i) of the rent control law.[2] On November 19, 1979, the trial court made orders adjudicating “all issues involved” in each unlawful detainer action. The issues in each case were in favor of the plaintiff except as to the reasonable value of the rental, the damages, and the attorneys’ fees. By these orders, a determination was made that the plaintiff had either complied with the City’s rent control law or was not subject to that law. In so doing, the trial court erred. The remedy of the plaintiff was not to challenge the order of the Board in the unlawful detainer actions, but rather to challenge that order by administrative mandamus. This was plaintiff’s proper remedy. (Code Civ. Proc., § 1094.5.) (See Selby Realty Co. v. City of San Buenaventura (1973) 10 Cal.3d 110, 123-124 [109 Cal.Rptr. 799, 514 P.2d 111]; Scott v. City of Indian Wells (1972) 6 Cal.3d 541, 546 [99 Cal.Rptr. 745, 492 P.2d 1137]; Pfeiffer v. City of La Mesa (1977) 69 Cal.App.3d 74 [137 Cal.Rptr. 804]; Subriar v. City of Bakersfield (1976) 59 Cal.App.3d 175 [130 Cal.Rptr. 853], See also, Deering, Cal. Administrative Mandamus (Cont. Ed. Bar 1966) Administrative Mandamus as Exclusive Remedy, § 3.1, p. 21.)
The municipal court was without jurisdiction to entertain applications for extraordinary writs of administrative mandamus. (Cal. Const, art. *Supp. 5 VI, § 10; Code Civ. Proc., § 86; 5 Witkin, Cal. Procedure (2d ed. 1971) Extraordinary Writs, § 130.)
The trial court fell into error by permitting the plaintiff to collaterally attack the order of the Board. Administrative decisions are not subject to collateral attack. (Nelson v. Oro Loma Sanitary District (1950) 101 Cal.App.2d 349, 357-358 [225 P.2d 573].) The plaintiff will not be permitted to circumvent the established avenue of mandamus review by seeking a judicial review in the municipal court of its claim to a vested right under the rental control law.[3]
In view of the conclusion that we have reached, it becomes unnecessary to consider defendants’ other contentions of error.
The unlawful detainer judgments, and each of them, are reversed.
Bigelow, J., concurred.
A petition for a rehearing was denied December 24, 1980.

A ruling favorable to plaintiffs petition would establish that its apartment building was not subject to the rent control act and consequently plaintiff could proceed with its plans to convert its property into condominiums. The reverse would be so in the event of an unfavorable response to Plaintiff’s petition.

Section 1806 of the rent control law provided as follows: “No landlord shall bring any action to recover possession or be granted recovery of possession of a control rental unit unless:...
“(i) The landlord seeks to recover possession to demolish or otherwise remove the controlled rental unit from rental residential housing use after having obtained all permits from [the City]

The recent decision in Vargas v. Municipal Court (1978) 22 Cal.3d 902 [150 Cal.Rptr. 918, 587 P.2d 714], does not compel a different holding. Under the facts in Vargas, supra, the court held that the municipal court did not exceed its jurisdiction by proceeding in an unlawful detainer action while a related administrative proceeding was pending. Unlike Vargas, in the instant appeals the administrative action of the board was a condition precedent permitting the plaintiff to remove the apartment building from the rental market for the purpose of condominium conversion; moreover, in the instant appeals, the administrative decision was substantially final before the plaintiff elected to proceed with its unlawful detainer actions rather than to seek administrative mandamus review of the disputed board decision.