OPINION OF THE COURT
Doris Ling-Cohan, J.
Respondent moves for a stay of this summary holdover proceeding pending the disposition of an unfair labor practice proceeding at the National Labor Relations Board (hereinafter NLRB) regarding his discharge as a superintendent of petition *785 er’s building. Respondent claims that on or about June 24, 1997, he began working for the managing agent, Natarray Management Corp. (hereinafter Employer), of the premises 660-666 Riverside Drive, New York, New York, and, as an incident of employment, he occupies the basement apartment rent free. Such apartment is the subject of the within holdover proceeding.
According to the respondent, at the beginning of his employment, respondent was not a member of Local 32B-32J, SEIU, AFL-CIO (hereinafter Union) and the Union did not have a collective bargaining agreement with his employer. Respondent claims that in September of 1997, he contacted the Union about organizing the employees of the building in which he worked, in conjunction with the Union’s existing efforts to organize several other locations managed by the multi-location employer. Respondent subsequently joined the Union. On or about September 24, 1997, the Union filed a petition with the NLRB seeking certification of the Union as the representative for the employees of the Employer. On November 12, 1997, the Union’s motion to amend its petition to include respondent’s building was granted and testimony was taken as to respondent’s membership in the Union. On or about November 13, 1997, the Employer terminated the respondent. Respondent filed an unfair labor practice charge with the NLRB on December 11, 1997, seeking reinstatement and continued use of his apartment. Both the petition seeking Union certification and the unfair labor practice complaint are still pending at the NLRB.
On December 3, 1997 a notice of petition and the petition were served upon respondent.[1] Respondent filed the within motion requesting a stay of this holdover proceeding, pending a determination by the NLRB. Respondent claims severe prejudice if he should be evicted before a final determination is rendered in the proceeding before the NLRB. In addition, respondent claims, if evicted, he will suffer irreparable harm which the NLRB would be unable to cure even if his contentions before the NLRB are sustained.
*786 Jurisdiction over summary proceedings is conferred to the Civil Court by CCA 204. In exercising its jurisdiction the Civil Court has “all of the powers that the supreme court would have in like actions and proceedings.” (CCA 212.) One of these powers is the granting of a stay of a proceeding. (See, Matter of MacLeod v Shapiro, 20 AD2d 424, 427 [1st Dept 1964]; Mountbatten Equities v Tabard Press Corp., 88 Misc 2d 831, 832 [App Term, 1st Dept 1976].) Pursuant to CPLR 2201, the court may stay its proceedings “in a proper case, upon such terms as may be just.”
Despite CPLR 2201, its broad language has been limited by decision. (See, Hope’s Windows v Albro Metal Prods. Corp., 93 AD2d 711 [1st Dept 1983], appeal dismissed 59 NY2d 968 [1983].) A stay can be a drastic remedy, “on the simple basis that justice delayed is justice denied. It should therefore be refused unless the proponent shows good cause for granting it.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C220L7, at 11.) Thus, “ ‘ “it is only where the decision in one action will determine all the questions in the other action, and the judgment on one trial will dispose of the controversy in both actions that a case for a stay is presented” ’ ” (Hope’s Windows v Albro Metal Prods. Corp., supra, at 712, quoting Pierre Assocs. v Citizens Cas. Co., 32 AD2d 495, 497 [1st Dept 1969]; see also, El Greco Inc. v Cohn, 139 AD2d 615, 615-617 [2d Dept 1988].) In the instant case, the NLRB decision on whether respondent was wrongfully terminated for union activities will also determine his entitlement to the apartment. Further, unless a stay is granted the respondent would not be restored to his home if the NLRB decides in his favor.
Courts have held that the Civil Court has the power to grant a stay of a summary proceeding to evict a live-in superintendent, pending the determination of the New York State Labor Relations Board (hereinafter NYSLRB). (Romag Realty Corp. v Saunders, 77 Misc 2d 11 [Civ Ct, NY County 1974]; see also, Milevoi v Alamilla, 107 Misc 2d 493 [Civ Ct, Queens County 1981]; Maguire v Ardea Realty Corp., 279 App Div 904 [1st Dept 1952]; Romanisky v Siglon Realty Corp., 122 NYS2d 171 [Sup Ct, Bronx County 1953]; Matter of Silver-Ruth Inc. v Rafferty, 42 Misc 2d 926 [Nassau Dist Ct 1964].) The rationale was stated in Spezio v Sutphin-Flushing Realty Corp. (17 Misc 2d 960, 960-961 [Sup Ct, Queens County 1958]) as follows: “The Appellate Division, First Department, in 1953 established the rule that the provisions of section 1410 of the Civil Practice *787 Act could not be applied pending the determination of such charges for the reason that section 1410 permits such eviction only where the superintendent’s employment has been ‘lawfully terminated.’ The issue of lawful termination, in such a case, is a matter for the determination by the State board and pending such determination a temporary injunction must issue to prevent inequity and hardship which would be engendered by eviction during the undetermined proceeding before the board.”[2]
The instant case is before the NLRB, a Federal agency created by the National Labor Relations Act, rather than the NYSLRB as in the cases cited above. This factual difference, however, was resolved in 60 Bleeker St. Owners v Brzezinski (NYLJ, Nov. 20, 1991, at 22, col 6 [Civ Ct, NY County]) where respondent superintendent alleged that petitioner employer sought to evict him in retaliation for respondent’s refusal to become a witness in a criminal investigation. The respondent filed an unfair labor practice complaint before the NLRB rather than the NYSLRB. The court stayed the proceeding pending resolution of the NLRB complaint.
The case law cited above supports the granting of a stay as requested by respondent pending a determination by the NLRB. It is an appropriate use of the court’s discretion as a fair and final determination in this summary proceeding depends upon what is gleaned from the proceedings before the NLRB. The fact that respondent could be irreparably harmed[3] if evicted, coupled with the considerations outlined in Hope’s Windows (supra), constitutes a “proper case” in which a stay should be granted.
Accordingly, this proceeding is stayed pending resolution of the NLRB complaint.[4]

. The fact that the respondent was the employee of the petitioner’s managing agent rather than the petitioner is an issue that is not before this court. However, it appears that for a petitioner to maintain a superintendent employee proceeding, the respondent must have been the petitioner’s employee. Where the superintendent was the employee of the petitioner’s managing agent, and not of the petitioner, a superintendent proceeding could not be maintained. (See, 200 Cent. Park S. Assocs. v Copersino, 118 Misc 2d 587 [Civ Ct, NY County 1983], criticized in Haros v Piskorz, 122 Misc 2d 319 [Civ Ct, Queens County 1983].)

. Under the New York State Labor Relations Act, the NYSLRB has jurisdiction to determine whether the defendant engaged in unfair labor practices charged against the defendant and to reinstate the plaintiff to his position with full back pay, if the charges are sustained. (Labor Law §§ 704, 706.)

. In Spezio (supra) the Supreme Court granted a stay of a summary holdover proceeding where respondent would have been irreparably harmed. If the respondent was evicted, the NYSLRB would have been unable to cure the harm even if the respondent’s claims before the NYSLRB were sustained.

. Although petitioner, in its affirmation in opposition, argues that it is entitled to use and occupancy, petitioner has failed to cross-move for such relief. The issue of whether use and occupancy is warranted is therefore not properly before the court and has not been considered. This is without prejudice to petitioner’s right to bring a proper motion before the presiding Judge in the appropriate part.