[L.A. No. 30594. June 22, 1978.]

BELRIDGE FARMS, Petitioner, v.
AGRICULTURAL LABOR RELATIONS BOARD et al., Respondents;
UNITED FARM WORKERS OF AMERICA, Real Party in Interest.

## COUNSEL

Parker, Milliken, Kohlmeier, Clark & O'Hara, Everett F. Meiners and Kenneth J. Florence for Petitioner.

Dressler, Guttero & Stoll, Donald G. Dressler, Jeffrey L. Guttero and Charley M. Stoll as Amici Curiae on behalf of Petitioner.

Walter L. Kintz, Jerrold C. Schaefer and Robert Le Prohn for Respondents.

Jerome Cohen, Sanford N. Nathan, Barry Winograd, Tom Dalzell, W. Daniel Boone, Deborah Wiener Peyton, Ellen Greenstone, Glenn Rothner, E. Michael Heumann II, Linton Joaquin, Dianna Lyons and Kirsten Zerger for Real Party in Interest.

## OPINION

**THE COURT.**\*—Petitioner seeks review of a decision by the general counsel of the Agricultural Labor Relations Board (board) not to issue unfair labor practice complaints against United Farm Workers of America (UFW), real party in interest.

Petitioner filed four unfair labor practice charges against UFW with the board's regional director. Petitioner alleged that after entering its property, UFW organizers violated the board's access regulation by refusing to identify themselves, engaging in conduct coercive of petitioner's employees, and interfering with work performance. (Cal. Admin. Code, tit. 8, pt. II, ch. 9, §§ 20900-20901.) The charges further alleged these violations constitute unfair labor practices under Labor Code section 1154, subdivision (a)(1).

Petitioner sought review by the general counsel after the regional director refused to issue complaints. The general counsel refused to issue complaints on the ground Labor Code section 1154, subdivision (a)(1), requires showing the union conduct restrained or coerced employees as a condition precedent to issuance of an unfair labor practice complaint.

---

\*Before Wright, C. J., Tobriner, Acting C. J., McComb, J., Mosk, J., Sullivan, J., Clark, J., and Richardson, J.

The general counsel held that violation of the access regulation, while unlawful, does not per se rise to the level of an unfair labor practice.[1]

## A. Judicial Review of General Counsel Decisions

Petitioner contends the general counsel's refusal to issue a complaint is judicially reviewable under Labor Code section 1160.8. We conclude that, in the absence of circumstances justifying extraordinary writ, negative decisions by the general counsel are not subject to judicial review.

The powers and duties of the general counsel are specified in Labor Code section 1149: "There shall be a general counsel of the board who shall be appointed by the Governor . . . . *He shall have final authority, on behalf of the board,* with respect to the investigation of charges and issuance of complaints under Chapter 6 (commencing with section 1160) of this part, and with respect to the prosecution of such complaints before the board." (Italics added.)

Labor Code section 1160.8 enumerates the circumstances under which courts have jurisdiction to review decisions of the board. That section states in pertinent part, "Any person aggrieved by the final order of the board granting or denying in whole or in part the relief sought may obtain a review of such order in the court of appeal having jurisdiction over the county wherein the unfair labor practice in question was alleged to have been engaged in . . . by filing in such court a written petition requesting that the order of the board be modified or set aside."

[1]The general counsel's letter to petitioner explaining his decisions provides in full: "This office has considered your appeal in the above captioned cases. It appears the essence of your position is that the activities complained of on the part of the union organizers constitute a breach of section 20900 of the Board's Emergency Regulations, and consequently violate Labor Code section 1154(a)(1). [¶] It cannot be concluded that any failure to comply with section 20900 by union agents would constitute such a violation. Rather, it must be established that the conduct restrained or coerced employees in the exercise of their rights guaranteed by the Act. [¶] The mere presence of an organizer, even if unlawful, on employer's property is not sufficient to make a case of coercion or restraint of the employees. Unless the complained of activity 'result[s] in the imposition of the respondent's will over the company and its premises . . .' no violation of L.M.R.A. section 9 (b)(1)(a) has occurred. Retail Store Employees Local 1001, 203 NLRB No. 75, 83 LRRM 1144. [¶] On the basis of the foregoing it is the ruling of this office that the decision of the Regional Director for the Fresno Regional Office in refusing to issue complaints in the above referenced cases is sustained."

Labor Code section 1160.9 provides, "The procedures set forth in this chapter shall be the exclusive method of redressing unfair labor practices."

■ The Agricultural Labor Relations Act (ALRA) (Lab. Code, § 1140 et seq.) is derived from the National Labor Relations Act (NLRA) (29 U.S.C. § 151 et seq.). (See generally, Levy, *The Agricultural Relations Act of 1975—La Esperanza de California Para El Futuro* (1975) 15 Santa Clara Law. 783.) Labor Code section 1149 is substantively identical to NLRA section 3(d). (29 U.S.C. § 153(d).) With one exception, Labor Code section 1160.8 is identical to NLRA section 10(f). (29 U.S.C. § 160(f).) Section 1160.8 differs from section 10(f) only in that the former contains an additional requirement that a petition for review of a board order must be filed with the court within 30 days following the order.

■ The federal courts have interpreted the words "final orders of the board" in section 10(f) as referring to a decision *of the board* either dismissing an unfair labor practice complaint or directing a remedy for an unfair labor practice as a result of the *culmination* of procedures instituted under NLRA sections 10(b) and (c) (29 U.S.C. § 160(b), (c)).[2] (*Lincourt* v. *National Labor Relations Board* (1st Cir. 1948) 170 F.2d 306, 307; see *A.F. of L.* v. *Labor Board* (1940) 308 U.S. 401, 406-408 [84 L.Ed. 347, 350-351, 60 S.Ct. 300].)

The general counsel's refusal to issue an unfair labor practice complaint does not constitute a final order of the board under section 10(f). (E.g., *Shell Chemical Company* v. *N.L.R.B.* (5th Cir. 1974) 495 F.2d 1116, 1120-1121; *Laundry Wkrs. Internat'l U.* v. *National Labor Rel. Bd.* (5th Cir. 1952) 197 F.2d 701, 703-704; *Lincourt* v. *National Labor Relations Board, supra,* 170 F.2d 306, 306-307.)

Although recognizing a general immunity from judicial review of determinations other than final orders of the board, federal courts have exercised their equitable powers to review such determinations when the complaining party raises a colorable claim that the decision violates constitutional right (*Groendyke Transport, Inc.* v. *Davis* (5th Cir. 1969) 406 F.2d 1158, 1164; *Fay* v. *Douds* (2d Cir. 1949) 172 F.2d 720, 723) or exceeds a specific grant of authority (*Leedom* v. *Kyne* (1958) 358 U.S. 184,

---

[2] NLRA sections 10(b) and (c) outline the procedures for initiating and conducting the adjudication of unfair labor practice charges. These sections are substantially similar to Labor Code sections 1160.2 and 1160.3.

188-189 [3 L.Ed.2d 210, 214, 79 S.Ct. 180]; *United Federation of College Teach., Loc. 1460* v. *Miller* (2d Cir. 1973) 479 F.2d 1074, 1075; *Terminal Freight Handling Co.* v. *Solien* (8th Cir. 1971) 444 F.2d 699, 703). ■ Refusal to issue a complaint based on an erroneous construction of an applicable statute also has been held reviewable under the court's general equitable power. (*Southern California Dist. Coun. of Lab., Loc. 1184* v. *Ordman* (C.D.Cal. 1970) 318 F.Supp. 633.)

■ This court has long recognized the principle of statutory construction that "[w]hen legislation has been judicially construed and a subsequent statute on the same or an analogous subject is framed in the identical language, it will ordinarily be presumed that the Legislature intended that the language as used in the later enactment would be given a like interpretation. This rule is applicable to state statutes which are patterned after the federal statutes. [Citations.]" (*Los Angeles Met. Transit Authority* v. *Brotherhood of Railroad Trainmen* (1960) 54 Cal.2d 684, 688-689 [8 Cal.Rptr. 1, 355 P.2d 905]; *Union Oil Associates* v. *Johnson* (1935) 2 Cal.2d 727, 734-735 [43 P.2d 291, 98 A.L.R. 1499]; see *Englund* v. *Chavez* (1972) 8 Cal.3d 572, 589-590 [105 Cal.Rptr. 521, 504 P.2d 457]; *Corwin* v. *Los Angeles Newspaper Service Bureau, Inc.* (1971) 4 Cal.3d 842, 852-853 [94 Cal.Rptr. 785, 484 P.2d 953].)

■ ■ We are satisfied the Legislature intended to adopt the federal rule limiting review not only by its use of language identical to section 10(f) but also by other provisions of the ALRA. The general counsel's decision not to issue an unfair labor practice complaint is not a decision or order of the board. Labor Code section 1149 confers upon the general counsel final authority over the issuing of complaints, establishing that in these matters he acts independently of the board. This autonomy is further demonstrated by the fact that the board neither appoints nor directs the general counsel. Labor Code section 1149 specifically provides for appointment of the general counsel by the Governor, subject to Senate confirmation, for a term of four years.

■ The language in section 1149 stating that the general counsel acts "on behalf of the board" does not negate this conclusion. Petitioner's proposed construction of this language, suggesting the general counsel is an agent of the board and his decisions are therefore imputable to the board, cannot be accepted. It is apparent, when this language is viewed in context as following the words "he shall have final authority," that the phrase "on behalf of the board" was intended to make it clear that any

implied power the board might otherwise have to issue complaints was vested in the general counsel, not the board. Only the general counsel has authority to issue an unfair labor practice complaint. (Lab. Code, § 1149.) Charges of unfair labor practices must be filed with the general counsel or his agents. (Cal. Admin. Code, tit. 8, pt. II, ch. 2, former § 20205.2, see present § 20208.) A complaint based upon such charges may be issued only by the general counsel (*id.* former § 20210.1, see present § 20220), not by the board. (See *Lincourt* v. *National Labor Relations Board, supra,* 170 F.2d at p. 307.)[3]

■ Petitioner contends we should not adhere to the federal limitation on review because the 30-day statute of limitations addition in section 1160.8 is not found in federal law and because the NLRA does not contain an exclusivity provision comparable to section 1160.9.

The 30-day statute of limitations does not sufficiently alter the identity between the state and federal provisions so as to negate the legislative intent to adopt the federal rule limiting review. The purpose of the 30-day period is to avoid backlogging cases with the resulting delay experienced under the NLRA. (Levy, *The Agricultural Relations Act of 1975—La Esperanza de California Para El Futuro, supra,* 15 Santa Clara Law. 783, 803-804.) Obviously, the 30-day provision is irrelevant to the issue of review of the general counsel's decision.

■ NLRA's lack of statutory provision similar to section 1160.9 also does not render the rule of construction inapplicable. The United States Supreme Court has interpreted the NLRA as providing the exclusive means of redressing unfair labor practices. (*Myers* v. *Bethlehem Corp.* (1938) 303 U.S. 41, 48 [82 L.Ed. 638, 642, 58 S.Ct. 495]; *Amalgamated Workers* v. *Edison Co.* (1940) 309 U.S. 261 [84 L.Ed. 738, 60 S.Ct. 561].) Thus, section 1160.9 simply constitutes a codification of existing federal law.

---

[3]Labor Code section 1160.2—which is identical to NLRA section 10(b) (29 U.S.C. § 160(b))—*does not grant the board authority to issue complaints instituting board* proceedings. That section provides in part, "Whenever it is charged that any person has engaged in . . . any . . . unfair labor practice, the board, or any agent . . . designated by the board . . . shall have power to issue and cause to be served upon such person a complaint stating the charges in that respect, and containing a notice of hearing before the board . . . ." The statute governs the procedural process by which the board notifies an accused party of pending charges after the general counsel has brought the matter before the board; it does not empower the board to initiate proceedings. Hence, the statute speaks in terms of service of the complaint, notice of right to a hearing, etc.

## B. INTERPRETATION OF SECTION 1154

█ As pointed out above, the general counsel's interpretation of statutes is reviewable. In California mandamus is available to compel an official to exercise his discretion when his refusal is based on an erroneous view of the power vested in him. (*Hollman* v. *Warren* (1948) 32 Cal.2d 351, 355-357 [196 P.2d 562].)

█ The general counsel interpreted section 1154, subdivision (a)(1), properly. That section provides, "It shall be an unfair labor practice for a labor organization or its agents to do any of the following: [¶] (a) *To restrain or coerce:* [¶] (1) Agricultural employees in the exercise of the rights guaranteed in Section 1152. . . ." (Italics added.) The general counsel interpreted section 1154, subdivision (a)(1), as authorizing issuance of an unfair labor practice complaint only on a finding of restraint or coercion. (See fn. 2, *ante.*) █ █ The italicized portion of the statute is unambiguous and unquestionably supports the general counsel's interpretation.[4]

The fact the access regulation is based on Labor Code section 1152[5] (Cal. Admin. Code, tit. 8, pt. II, ch. 9, § 20900, subds. (1), (5), p. 1051) does not require holding that a violation of the regulation is an unfair labor practice per se. Petitioner correctly points out employees have a right to refrain from organizational activities and to be free from undue organizational pressures. (Lab. Code, § 1152.) However, this right has not been sufficiently infringed to become legally cognizable under Labor Code section 1154, subdivision (a)(1), in the absence of a finding of restraint or coercion. While union organizer presence on employer property in violation of the access regulation is unlawful, it is not necessarily always a violation of section 1154, subdivision (a)(1).

---

[4]The fact the general counsel did not find the purported violations of the access rule to have risen to the level of restraint or coercion does not warrant the issuance of an extraordinary writ. The issue presents a factual question within the general counsel's broad discretion (*United Electrical Contractors Association* v. *Ordman* (2d Cir. 1966) 366 F.2d 776)—not a matter of statutory construction (see *Boire* v. *Greyhound Corp.* (1964) 376 U.S. 473, 481 [11 L.Ed.2d 849, 855, 84 S.Ct. 849]).

[5]Section 1152 provides in relevant part, "Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities . . . ."

A writ of review is not available to review the general counsel's decision declining to issue unfair labor practice complaints. Treating this matter as a mandamus proceeding, the writ is denied.

Wright, C. J., and McComb, J., did not participate.

SULLIVAN, J.,* Concurring and Dissenting.—I agree generally with the majority that the decision of the general counsel of the Agricultural Labor Relations Board not to issue complaints against real party in interest is not judicially reviewable under Labor Code section 1160.8. Consequently, these proceedings to review the general counsel's decision should be dismissed.

That should be the end of the matter. It should not be lost sight of that after a denial without opinion by the Court of Appeal for the Fifth Appellate District of the instant petition for a writ of review, this court granted a hearing and ordered issuance of a writ of review. Pursuant to the writ a "Certified Administrative Record" was brought up and filed with us. Presumably the majority, after an examination of the record, are satisfied that the general counsel acted properly in refusing to issue complaints. Having reached this conclusion, the majority, instead of dismissing the proceedings, pursue the matter further and in the final sentence of their opinion attempt to transmogrify a special statutory proceeding in review into an extraordinary writ proceeding in mandamus.

With all due respect to my colleagues, I cannot join them in this disposition of the case or concur in the remaining portions of the opinion upon which they seek to ground this result. Although the majority opinion cites a number of *federal* cases (*ante,* pp. 556-557) professedly in support of the proposition that a decision of the general counsel is reviewable by a writ of mandate, it offers no analysis or explanation showing how these decisions, which are not in point, provide a basis under California law for the issuance of a writ of mandate by a California appellate tribunal in situations like the present one. One might reasonably expect that if the position of the majority opinion were a sound one, the opinion would have encountered no difficulty in finding ample

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

support in the California statutory scheme (Code Civ. Proc., §§ 1084-1097) and in the wealth of California case law on the subject, to the end of demonstrating that a writ of mandate (which was never sought in the instant petition) would properly lie in the present circumstances. Nevertheless, while positing the extension of the writ to the present case the majority opinion remains surprisingly silent concerning California law. Indeed the majority seem content with the single case of *Hollman* v. *Warren* (1948) 32 Cal.2d 351 [196 P.2d 562] (*ante,* p. 559) cited for the proposition that "In California mandamus is available to compel an official to exercise his discretion when his refusal is based on an erroneous view of the power vested in him." (*Ante,* p. 559.) Clearly *Hollman* is not applicable here, since the general counsel *did* exercise his discretion by refusing to issue the complaints.

I would dismiss the instant proceedings.

The petition of the real party in interest for a rehearing was denied September 20, 1978, Bird, C. J., did not participate therein.