[No. D018411. Fourth Dist., Div. One. Apr. 8, 1993.]

AGRICULTURAL LABOR RELATIONS BOARD, Petitioner, v.
THE SUPERIOR COURT OF IMPERIAL COUNTY, Respondent;
MARIO SAIKHON et al., Real Parties in Interest.

**COUNSEL**

Antonio Barbosa and Norma A. Turner for Petitioner.

No appearance for Respondent.

Littler, Mendelson, Fastiff, Tichy & Mathiason, Theodore R. Scott, Scott A. Wilson, Sutherland & Gerber, Lowell F. Sutherland, Marcos Camacho and Thomas Patrick Lynch for Real Parties in Interest.

**OPINION**

**TODD, J.**—The Agricultural Labor Relations Board (ALRB) petitions for a writ of mandate after the superior court stayed ALRB administrative proceedings seeking to impose derivative liability on Mario Saikhon, the

Saikhon Family Trust dated June 3, 1988, and its trustees. We conclude the derivative liability proceedings are properly before the ALRB and should not have been stayed by the superior court. Accordingly we grant the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

The United Farm Workers of America, AFL-CIO (Union) filed a series of unfair labor practice charges against Mario Saikhon, Inc. (Company) beginning in 1979. Ultimately the ALRB found the Company liable for several million dollars in backpay to its workers. After review was denied or dismissed in this court and the Company failed to pay, the ALRB initiated compliance proceedings, including hearings on derivative liability directed toward Mario Saikhon as an individual, him and his wife Dora Saikhon as trustees of the Saikhon Family Trust, and the trust itself (collectively Trust).

On February 3, 1993, Trust petitioned for a writ of mandate in superior court seeking to halt the ALRB proceedings as in excess of jurisdiction. Specifically, Trust claimed the backpay orders were final under Labor Code[1] section 1160.3[2] and could not be modified by the ALRB because the record had already been filed in this court. The superior court granted Trust's ex parte application for a stay and set a hearing for February 24. The ALRB then petitioned this court to halt the superior court proceedings, arguing it had the authority to seek derivative liability against Trust as part of enforcing compliance with its orders. We stayed the superior court action pending resolution of this petition.

## DISCUSSION

Trust contends the ALRB is too late in seeking derivative liability. It argues derivative liability is properly pursued in the second phase of bifurcated liability-compliance proceedings and here the orders are final. Company argues the ALRB should pursue derivative liability in the superior court as part of the enforcement process. Union and the ALRB respond derivative liability is properly determined by the ALRB and Trust may seek review in this court.

The Agricultural Labor Relations Act (ALRA) (§ 1140 et seq.) is patterned after the National Labor Relations Act (NLRA) (29 U.S.C. § 151 et

---

[1] All statutory references are to the Labor Code unless otherwise specified.

[2] Section 1160.3 provides in part: "Until the record in a case shall have been filed in a court, as provided in this chapter, the board may, at any time upon reasonable notice and in such manner as it shall deem proper, modify or set aside, in whole or in part, any finding or order made or issued by it."

seq.). (*Belridge Farms* v. *Agricultural Labor Relations Bd.* (1978) 21 Cal.3d 551, 556 [147 Cal.Rptr. 165, 580 P.2d 665].) Section 1148 directs the ALRB "shall follow applicable precedents of the National Labor Relations Act, as amended." In *Labor Board* v. *Deena Artware* (1960) 361 U.S. 398, 402-404 [4 L.Ed.2d 400, 404-405, 80 S.Ct. 441], the Supreme Court stated derivative liability for compliance with a judicially enforced unfair labor practice order may be imposed upon the employer's officers, agents, successors and assigns, even if those parties were not charged in the initial complaint. A proceeding to determine alter ego and successor responsibility is not a primary action to determine violations of law, but rather ancillary enforcement. (*N.L.R.B.* v. *C.C.C. Associates, Inc.* (1962) 306 F.2d 534, 538-539.)

Here, the ALRB determined Company conducted unfair labor practices against its employees and that determination was upheld. Although it is undisputed Company has failed to make the employees whole, it was not incumbent on the ALRB to anticipate that result as part of its initial proceedings. The ALRB has the authority to seek compliance from the primary wrongdoer, its alter ego, successors or assigns. (see *Regal Knitwear Co.* v. *Board* (1945) 324 U.S. 9, 14-15 [89 L.Ed. 661, 666-667, 65 S.Ct. 478].)

Mandate is an appropriate remedy to compel respondent court to vacate its order staying the ALRB's enforcement proceedings where there is no adequate remedy at law. (*Agricultural Labor Relations Bd.* v. *Superior Court* (1976) 16 Cal.3d 392, 401-402 [128 Cal.Rptr. 183, 546 P.2d 687].)

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc. § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

### DISPOSITION

Let a peremptory writ issue directing the superior court to vacate its order granting a stay of proceedings and enter a new order denying a stay and

dismissing the petition. Trust's request for stay is denied as moot. The stay issued by this court on February 23, 1993, is vacated.

Wiener, Acting P. J., and Huffman, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied June 24, 1993. Panelli, J., was of the opinion that the petition should be granted.