OPINION OF THE COURT
David B. Saxe, J.
May a petitioner landlord commence a summary proceeding to evict a superintendent whose employment has been terminated by his employer, the management company for the premises in question?
The facts are these: The petitioner is the owner of the premises and respondent Vincent Copersino, until the time of the termination of his employment by the managing agent for the premises, Douglas Elliman-Gibbons & Ives, occupied apartment 3-A there as an incident to his employment by them as the superintendent.
The respondent was fired from his job on November 15, 1982 by Douglas Elliman-Gibbons & Ives, Inc. Thereafter, the petitioner, after notice, started a summary holdover proceeding against Mr. Copersino, and moved for summary judgment seeking possession of his apartment.
Based upon RPAPL 713, Mr. Copersino argues that the petitioner here is not a proper party to commence a summary proceeding seeking his ouster. RPAPL 713 (subd 11) provides:
*588 “A special proceeding may be maintained under this article after a ten-day notice to quit has been served upon the respondent in the manner prescribed in section 735, upon the following grounds:
“The person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.”
Although Mr. Copersino entered into possession of the apartment in question, it was as an incident to his employment by Douglas Elliman-Gibbons & Ives, the managing agent, not by the petitioner in this action. The statute requires the latter. Although the role of Douglas EllimanGibbons & Ives is denominated that of a “managing agent”, the indices of a true principal-agent relationship are not present here. (2 NY Jur 2d, Agency, § 1 ei seq.) Thus, the petitioner’s theory of agency must be rejected. That being so, RPAPL 713 (subd 11) does not provide a ground here for terminating the respondent’s tenancy.
The landlord’s argument is simply that the employer cannot bring a summary proceeding and here, the partnership petitioner, as the owner of the premises, is the proper party to commence the summary proceeding (see RPAPL 721, subd 1). Thus, the argument goes since there is absolutely no provision for a management company to commence a summary proceeding, it may only be commenced in such a proceeding such as this one by the actual owner of the premises.
That would be an adequate position if I were constrained to hold that a summary proceeding was mandated here in the first instance. It is not. A summary proceeding is a creation of statute (McKinney’s Cons Laws of NY, Book 1, Statutes, § 301), and being in derogation of the common law (Murawski v Melkun, 71 Misc 2d 575), must be strictly confined to its stated legislative grounds (North Shore Motor Lodge Corp. v Land, 68 Misc 2d 87). Here, RPAPL 713 (subd 11) does not authorize the fee owner of the premises to oust an employee of another, who may never *589 theless perform services directly beneficial to the fee owner, after that employee has been fired.
Therefore, the grounds alleged by the petitioner for eviction are inapplicable and the petition fails to state a cause of action. The respondent has not made a motion to dismiss although his attorney’s affirmation in opposition may fairly well be understood to be such an application. That being so, the petitioner’s motion for summary judgment is denied, and the respondent’s cross motion for dismissal of the underlying action for failure to state a cause of action is granted, without prejudice to the petitioner.