OPINION OF THE COURT
William D. Friedmann, J.
Can a fired superintendent be evicted through summary proceedings from an apartment incidental to his employment, when he was the employee not of the petitioner landlord, but of the landlord’s managing agent (RPAPL 713, subd 11).
In seeking to dismiss landlord’s petition (CPLR 3211), the fired superintendent relies upon the recent decision in 200 Cent. Park South Assoc. v Copersino (118 Misc 2d 587). In that case summary judgment was effectively denied to a landlord, by the holding that it was not the proper party to bring a holdover proceeding, pursuant to RPAPL 713 (subd 11), as the fired superintendent was not the employee of landlord but of its managing agent. It further held that the superintendent’s employer, the landlord’s managing agent, also was not a proper party to commence a summary proceeding (see RPAPL 721, subd 1).
The facts here and in 200 Cent. Park South (supra) are similar with one conflicting factual twist, which this court deems immaterial to its determination. In 200 Cent. Park South the superintendent was until termination an em *320 ployee of the managing agent. Here, it is claimed that when the landlord purchased the premises he terminated the employment of the managing agent, who was the superintendent’s employer, and therefore the superintendent’s relationship with the managed premises was terminated at the same time, although the superintendent remained on the former managing agent’s payroll.
Analysis of the relevant sections of RPAPL article 7 (summary proceeding to recover possession of real property) do not lead this court to support the position taken in 200 Cent. Park South (supra). There does not seem to be any justifiable reason to restrict the use of summary proceedings, when the superintendent is the employee of landlord’s managing agent, and then sanction its use when the superintendent is the direct employee of the landlord. Under both arrangements, the subject apartment belongs to the landlord and is being occupied by the superintendent incidental to his employment as the landlord’s residential agent or representative. Regardless of who pays the superintendent, or who directs his work, the superintendent in reality is acting for the landlord and the landlord’s benefit. (2 NY Jur 2d, Agency, § 1 et seq.)
A petitioning landlord is certainly a person who may maintain a summary proceeding (RPAPL 721, subd 1), and this court, according to its above analysis, finds that a summary proceeding may be brought where a nondirect employee relationship exists between the landlord and the superintendent, and further, that this landlord is a proper party to commence a summary proceeding pursuant to RPAPL 713 (subd 11) which provides “Grounds where no landlord-tenant relationship exists”.
A special proceeding may be maintained under this article after a 10-day notice to quit has been served upon the respondent in the manner prescribed in RPAPL 735, upon the following grounds: “The person in possession entered into possession as an incident to employment by petitioner, and the time agreed upon for such possession has expired or, if no such time was agreed upon, the employment has been terminated; no notice to quit shall be required in order to maintain the proceeding under this subdivision.” (RPAPL 713, subd 11.)
*321 Therefore, the motion to dismiss in reliance upon 200 Cent. Park South (supra) is denied. The difference between a superintendent’s direct employment by a landlord and/or his derivative employment through a landlord’s managing agent is of no consequence under a fair and reasonable construction of RPAPL 713 (subd 11).